28421-TW

Thomas E. Willoughby (TW 4452)
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHEM ONE LTD.,

           Plaintiff,

   - against -

M/V RICKMERS GENOA, her engines, boilers,
etc., in rem; RICKMERS GENOA SCHIFFAHRTSGES.
mbH & Cie. KG, UNITED SHIPPING SERVICES,
INC. and SESCO GROUP INC., in personam,

           Defendants.
-------------------------------------------------------X

Index No. 05 CV 4261

(LAP)

**COMPLAINT**

     The plaintiff herein, by its attorneys, HILL RIVKINS & HAYDEN LLP, complaining of the above named vessel and defendants, alleges upon information and belief:

     **FIRST**:    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

     **SECOND**:    At and during all times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

     **THIRD**:    At and during all times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carrier of merchandise by water for hire, and owned,

operated, managed, chartered and controlled the above named vessel which now is or will be with the jurisdiction of this Court during the pendency of this action.

**FOURTH**: On or about the dates and at the ports of shipment stated in Schedule A, there were delivered to the vessel and defendants in good order and condition the shipments described in Schedule A, which the said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule A.

**FIFTH**: Thereafter, the said vessel arrived at the port of destination described in Schedule A and the cargo not delivered in the same good order and condition in which it was received. In addition, defendants wrongfully and without cause barred plaintiff from surveying their cargoes after the said vessel collided with and sank the M/V SUN CROSS in the Yellow Sea on March 7, 2005. Defendants then tortiously and improperly demanded security for general average contribution for the containers within which plaintiff had stuffed their cargoes when the correct course of action would have been to have sought such security from the owners/lessors/leasees of said containers.

**SIXTH**: Defendants, by reason of the premises, breached their duties to the plaintiff as common carriers by water for hire and caused additional aggravated damages above and beyond the invoice value of the cargo, as set forth above and were otherwise at fault.

**SEVENTH**: Plaintiff was the shipper, consignee or owner or otherwise had a proprietary interest of and in the cargoes as described in Schedule A, and bring this action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**EIGHTH**:  Plaintiff has duly performed all duties and obligations on its part to be performed.

**NINTH**:  By reason of the premises, plaintiff has sustained damages nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $200,000.00.

*W H E R E F O R E*, plaintiff prays:

1. That process in due form of law according to the practice of this Court may issue against defendants.

2. That if defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in this complaint, with interest and costs.

3. That a decree may be entered in favor of plaintiff against defendants for the amount of plaintiff's damages, together with interest and costs.

4. That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

5. Plaintiff further prays for such other, further and different relief as to this Court may seem just and proper in the premises.

Dated: New York, New York
April 29, 2005

                                HILL RIVKINS & HAYDEN LLP
                                Attorneys for Plaintiff

                    By: _____
                                Thomas E. Willoughby (TW 4452)
                                45 Broadway, Suite 1500
                                New York, New York 10006
                                (212) 669-0600

## SCHEDULE A

Plaintiff:  Chem One Ltd.
8017 Pinemont Drive
Houston, TX 77040-6519

Defendants:  Rickmers Genoa Schiffahrtsges. mbH & Cie KG
c/o Rickmers Reederei GmbH & Cie KG
Neumuhleu 19
Hamburg, Germany 22763

and c/o Fowler Rodriguez Kingsmill Flint Gray & Chalos LLP
366 Main Street
Port Washington, NY 11050

United Shipping Services, Inc.
2321 Highbury Avenue, #51
Los Angeles, CA 90032

SESCO Group Inc.
c/o Kuehne & Nagel Freight Forwarder
15700 International Plaza Dr.
Houston, TX 77032

**Date of Shipment:**  1-5 March, 2005

**Ports of Loading:**  Xingang and Shanghai

**Port of Discharge:**  Houston, TX

**Shipper:**  Tianjin Soda Plant and Jiangsu Soho International

**Consignee:**  Kuehne & Nagel Freight Forwarders

**Notify:**  To Order and Chem One Ltd.

**Description of Shipment:**  726 bags and cartons of ammonium chloride, sodium erythrobate, sodium acetate anhydrous, isocyanwric acid technical powder, and oxalic acid dihydrate

**Nature of Loss or Damage:**    Physical damage, non-delivery and aggravated additional expense and delay

STATE OF NEW YORK    )
                     : SS:
COUNTY OF NEW YORK   )

THOMAS E. WILLOUGHBY, duly sworn, deposes and says:

He is an attorney and partner with the firm of Hill Rivkins & Hayden LLP, attorneys for plaintiff herein; he has read the foregoing complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes it to be true.

The reason this verification is made by deponent and not by plaintiff is that plaintiff is a corporation, none of whose officers is now within this district.

The sources of deponent's information and the grounds for his belief as to those matters stated in the complaint to be alleged on information and belief are documents and records in his files.

_____
Thomas E. Willoughby (TW 4452)

Sworn to before me this
29th day of April 2005

_____
Notary Public

ROBERT BLUM
Notary Public, State Of New York
No. 01BL4914091
Qualified In Kings County
Certificate Filed In New York County
Commission Expires December 7, 2007