WHEREFORE, Defendant and Third-Party Defendant, ESM Group, demands judgment dismissing the claims against them in the Plaintiffs' Complaints, and the Cross-Claims and Third-Party claims of the Rickmers Interests, and the Cross-Claims of U.S. Shipping, together with the recoverable costs of this action, and such other relief as this Court shall deem just, reasonable and appropriate in the circumstances.

Dated:     New York, NY
           February 17, 2006

                        BURKE & PARSONS
                        Attorneys for Defendant
                        ESM GROUP INC.


                        By     s/ Christopher H. Dillon
                               Christopher H. Dillon (7321)
                               100 Park Avenue
                               New York NY  10017-5533
                               (212 )354-3800

Of Counsel:
  Raymond J. Burke, Jr.


8927_0007.DOC

## FIFTEENTH DEFENSE

201.    The claims of the Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs' are time-barred and/or barred by reason of laches.

## SIXTEENTH DEFENSE

202.    Venue is improper, because ESM Group is not present in this district.

## SEVENTEENTH DEFENSE

203.    This action should be dismissed on the ground of *forum non conveniens*.

## EIGHTEENTH DEFENSE

204.    The Complaints, Cross-Claims and/or the Third-Party Complaint should be dismissed on the ground that the Plaintiffs, Cross-Claimants and/or the Third-Party Plaintiffs have failed to join necessary and indispensable parties.

## NINETEENTH DEFENSE

205.    Plaintiffs, Cross-Claimants and Third-Party Plaintiffs are not the real party in interest for their respective claims.

## TWENTIETH DEFENSE

206.    This action presents choice of law issues which call for the substantive law of a foreign country, or countries, to govern issues raised in the Complaints, Cross-Claims and/or the Third-Party Complaint.

**EIGHTH DEFENSE**

194.     Any damages sustained by the Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs were caused by the negligence, lack of due care, culpable conduct, omissions or breach of duties and obligations of third parties for whom ESM Group are not responsible.

**NINTH DEFENSE**

195.     Any damages sustained by the Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs were caused by a superseding or an intervening event, and not any act or omission on the part of ESM Group.

**TENTH DEFENSE**

196.     Any act or omission by ESM Group could not have been the proximate cause of the damages claimed by the Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs.

**ELEVENTH DEFENSE**

197.     Any damages sustained by Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs were proximately caused by reason of an inscrutable event, inevitable accident, or Act of God.

**TWELFTH DEFENSE**

198.     The Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs assumed the risk of the losses and damages for which they seek relief in this action.

**THIRTEENTH DEFENSE**

199.     The Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs have failed to mitigate their damages and/or losses, if any.

**FOURTEENTH DEFENSE**

200.     Some or all of the damages claimed by the Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs are limited or not recoverable under applicable law.

Pudong, as carrier.  There is no basis in law or fact to impose an obligation, duty, or liability on ESM Group, for any damages suffered as a result of the Casualty.

## SECOND DEFENSE

188.     The Goods will not spontaneously combust, and did not contain, and would not emit, any flammable gas.  The $H_2O$ molecules in seawater (or a mixture of seawater, acids, and corrosive chemicals) can release hydrogen in certain circumstances.

## THIRD DEFENSE

189.     Plaintiffs', Cross-Claimants' and/or Third-Party Plaintiffs' claims are barred by the absence of privity.

## FOURTH DEFENSE

190.     ESM Group is not the shipper of the Goods and did not provide or deliver the Goods to the Plaintiffs, Cross-Claimants or Third-Party Plaintiffs.

## FIFTH DEFENSE

191.     Independent contractors and non-vessel operating carriers are not agents for a bill of lading holder such as ESM Group and the actions, omissions, representations and obligations of independent contractors and non-vessel operating carriers are not the responsibility of ESM Group.

## SIXTH DEFENSE

192.     Any damages sustained by the Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs were caused by the unseaworthiness of Rickmers Genoa and/or the acts or omissions of the vessel's owners, and their operators, managers and/or charterers.

## SEVENTH DEFENSE

193.     Any damages sustained by the Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs were caused by the negligence, lack of due care, culpable conduct, omissions or breach of duties and obligations of Plaintiffs, Cross-Claimants and/or Third-Party Plaintiffs.

handling).  The tests include those set forth in the "Classification Procedures, Test Methods and Criteria Relating to Class 4 Solids" of the "U.N. Manual of Tests and Criteria."  These tests are designed to determine whether the goods to be transported fall above or below internationally-determined thresholds relating to recognized hazards in transportation.  The test results for the Goods confirmed that the U.N. Manual thresholds were not exceeded (in fact, they were about seventy-five percent below the threshold for hazards when wet).

179.    The Goods were delivered in Tianjin, China to the care of Pudong Trans USA Inc. ("Pudong"), for transportation to Baltimore under Pudong's bill of lading.

180.    Pudong contracted with the Rickmers Interests for the Goods to be transported on Rickmers Genoa, from the port of Xingang, China, which is in close proximity to the City of Tianjin, to the port of Camden, New Jersey.

181.    The Rickmers Interests loaded the Goods onto Rickmers Genoa at Xingang, and stowed them in Hold No. 1 and on Hatch No. 1, the forward-most locations on Rickmers Genoa.

182.    After departing Xingang, Rickmers Genoa continued her voyage, calling at several ports in China to load and discharge other cargoes.

183.    On or about March 8, 2005, while proceeding northbound from Shanghai to Qingdao, in the middle of a foggy night in the Yellow Sea (off the coasts of China and Korea), Rickmers Genoa collided with the Korean-flagged bulk carrier Sun Cross.

184.    As a result of the collision, Sun Cross rapidly sank, with the loss of 13 lives, and Rickmers Genoa was damaged, causing flooding and fires in the forward spaces of the ship (hereinafter referred to as "the Casualty").

185.    The Goods caught on fire as a result of the Casualty.  Once ignited, the Goods burned brightly at high temperatures and were totally destroyed.

186.    With the assistance of the crew and professional salvors, the fire was confined to the forward portion of Rickmers Genoa, and the ship was able to safely return to Shanghai.

187.    ESM Group purchased the Goods on CIF terms, and is the holder of a negotiable (to order and onboard) bill of lading covering the Goods dated March 3, 2005, and issued by

172.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 88 and 90.

173.    Denies the allegations contained in paragraph 89.

### THE DEFENSES OF ESM GROUP INC.

174.    Defendant and Third-Party Defendant, ESM Group by its attorneys Burke & Parsons, for its defenses to the Claims, Cross-Claims and Third-Party Claims, asserted against them in the related actions arising from the collision between Rickmers Genoa and Sun Cross (i.e. 05-civ-4261, 05-civ-6226, 05-civ-8841, and 05-civ-9472), states upon information and belief as follows:

### FIRST DEFENSE

175.    On or about March 3, 2005, six hundred (600) metric tons of granulated magnesium in good order and condition, were safely placed into thirty (30) twenty-foot containers, each containing twenty (20) metric tons in twenty (20) bags (hereinafter "the Goods").

176.    The Goods consisted of grey metal granules, approximately the size of coarse beach sand, made by grinding magnesium ingots.  The granules were in bags (coated polypropylene super sacks) that had been placed on shrink-wrapped pallets and loaded into the 30 twenty-foot containers.  Used in steel making, the Goods are designed to be injected into molten iron ore to remove sulphur and make the steel less brittle.  Because they remove sulphur and consist of eighty-nine percent magnesium, they are sold under the trade name "Super-Sul Mg-89."

177.    Magnesium is a very common metal and the eighth most abundant element in nature.  Used in numerous everyday goods, including automobile parts and beverage cans, magnesium melts at about 1200°F, and will not start to boil until heated above 2000°F.

178.    The supplier, ESM (Tianjin) Co., Ltd., at its laboratory in Tianjin (which is certified for ISO 9001:2000 standards and procedures and regularly audited by SGS United Kingdom Ltd.), checks the safety of the Goods by testing them against a set of internationally-developed standards.  It also treats them with a proprietary safety coating designed to increase their safety in and around steel making furnaces (and also for transportation and

Party Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 158 and in paragraphs 159 through 164, hereto.

166.    Denies knowledge or information sufficient to form a belief as  to the truth of the allegations contained in paragraph 81.

167.    Denies the allegations contained in paragraphs 80 and 82.

### ANSWERING THE FIFTH CROSS-CLAIM
### OF U.S. SHIPPING IN THE RICKMERS
### INTERESTS THIRD-PARTY ACTIONS

168.    Paragraph 83 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Rickmers Interests' Third-Party Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph. ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 158 and in paragraphs 159 through 167, hereto.

169.    Denies knowledge or information sufficient to form a belief as  to the truth of the allegations contained in paragraph 84.

170.    Denies the allegations contained in paragraphs 85 and 86.

### ANSWERING THE SIXTH CROSS-CLAIM
### OF U.S. SHIPPING IN THE RICKMERS
### INTERESTS THIRD-PARTY ACTIONS

171.    Paragraph 87 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Rickmers Interests' Third-Party Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 158 and in paragraphs 159 through 170, hereto.

### ANSWERING THE SECOND CROSS-CLAIM
### OF U.S. SHIPPING IN THE RICKMERS
### INTERESTS THIRD-PARTY ACTIONS

160.    Paragraph 68 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Rickmers Interests' Third-Party Complaint, and are not directed to ESM Group. It does not constitute a short and plain statement and no response can reasonably be made to this paragraph. ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 158 and in paragraph 159, hereto.

161.    Denies the allegations set forth in paragraphs 69 and 70, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

162.    Denies the allegations of paragraphs 71, 72, 73, 74 and 75.

### ANSWERING THE THIRD CROSS-CLAIM
### OF U.S. SHIPPING IN THE RICKMERS
### INTERESTS THIRD-PARTY ACTIONS

163.    Paragraph 76 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Rickmers Interests' Third-Party Complaint, and are not directed to ESM Group. It does not constitute a short and plain statement and no response can reasonably be made to this paragraph. ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 158 and in paragraphs 159 through 162, hereto.

164.    Denies the allegations contained in paragraphs 77 and 78.

### ANSWERING THE FOURTH CROSS-CLAIM
### OF U.S. SHIPPING IN THE RICKMERS
### INTERESTS THIRD-PARTY ACTIONS

165.    Paragraph 79 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Rickmers Interests' Third-

Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 139 and in paragraphs 140 through 154, hereto.

156.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 61, 62, 63, 64 and 65, but admits that as alleged in paragraph 60, on or about March 8, 2005, there was a collision between Rickmers Genoa and Sun Cross off the coast of China.

**U.S. SHIPPING'S CROSS-CLAIMS IN
THE RICKMERS INTERESTS' THIRD-PARTY ACTIONS**

157.   Defendant, ESM Group by its attorneys, Burke & Parsons, as and for its Answer to the Cross-Claims of U.S. Shipping, as Third-Party Defendant in the Rickmers Interests' Third-Party actions, states upon information and belief as follows:

**ANSWERING THE FIRST CROSS-CLAIM
OF U.S. SHIPPING IN THE RICKMERS
INTERESTS THIRD-PARTY ACTIONS**

158.   Paragraph 66 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Rickmers Interests' Third-Party Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  To the extent any answer is appropriate, ESM Group refers to its answering allegations and defensive allegations in response to the Rickmers Interests' Third-Party Complaint, which are hereby incorporated as though set forth at length herein, and further denies knowledge or information sufficient to form a belief as to the truth of the numerous allegations referenced by paragraph 66.

159.   Denies the allegations set forth in paragraph 67.

**ANSWERING THE FIFTH CROSS-CLAIM
OF U.S. SHIPPING IN THE ATLANTIC
COAST YACHT ACTION**

149.     Paragraph 51 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 139 and in paragraphs 140 through 148, hereto.

150.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

151.     Denies the allegations contained in paragraphs 53 and 54.

**ANSWERING THE SIXTH CROSS-CLAIM
OF U.S. SHIPPING IN THE ATLANTIC
COAST YACHT ACTION**

152.     Paragraph 55 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 139 and in paragraphs 140 through 151, hereto.

153.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 56, and 58

154.     Denies the allegations contained in paragraph 57.

**ANSWERING THE SEVENTH CROSS-CLAIM
OF U.S. SHIPPING IN THE ATLANTIC
COAST YACHT ACTION**

155.     Paragraph 59 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht

142.     Denies the allegations set forth in paragraphs 37 and 38, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

143.     Denies the allegations of paragraphs 39, 40, 41, 42 and 43.

## ANSWERING THE THIRD CROSS-CLAIM
## OF U.S. SHIPPING IN THE ATLANTIC
## COAST YACHT ACTION

144.     Paragraph 44 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 139 and in paragraphs 140 through 143, hereto.

145.     Denies the allegations contained in paragraphs 45 and 46.

## ANSWERING THE FOURTH CROSS-CLAIM
## OF U.S. SHIPPING IN THE ATLANTIC
## COAST YACHT ACTION

146.     Paragraph 47 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 139 and in paragraphs 140 through 145, hereto.

147.     Denies knowledge or information sufficient to form a belief as  to the truth of the allegations contained in paragraph 49.

148.     Denies the allegations contained in paragraphs 48 and 50.

paragraph 96, on or about March 8, 2005, there was a collision between Rickmers Genoa and Sun Cross off the coast of China.

## U.S. SHIPPING'S CROSS-CLAIMS IN
## THE ATLANTIC COAST YACHT ACTION

138.      Defendant, ESM Group by its attorneys, Burke & Parsons, as and for its Answer to the Cross-Claims of U.S. Shipping, as Defendant in the Atlantic Coast Yacht action, states upon information and belief as follows:

## ANSWERING THE FIRST CROSS-CLAIM
## OF U.S. SHIPPING IN THE ATLANTIC
## COAST YACHT ACTION

139.      Paragraph 34 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  To the extent any answer is appropriate, ESM Group refers to its answering allegations and defensive allegations in response to the Atlantic Coast Yacht Complaint, which are hereby incorporated as though set forth at length herein, and further denies knowledge or information sufficient to form a belief as to the truth of the numerous allegations referenced by paragraph 34.

140.      Denies the allegations set forth in paragraph 35.

## ANSWERING THE SECOND CROSS-CLAIM
## OF U.S. SHIPPING IN THE ATLANTIC
## COAST YACHT ACTION

141.      Paragraph 36 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 139 and in paragraph 140, hereto.

though set forth at length herein, its prior responses in paragraph 120 and in paragraphs 121 through 129, hereto.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88.

132.    Denies the allegations contained in paragraphs 89 and 90.

## ANSWERING THE SIXTH CROSS-CLAIM
## OF U.S. SHIPPING IN THE
## SHANDONG ACTION

133.    Paragraph 91 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Shandong Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 120 and in paragraphs 121 through 132, hereto.

134.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 92 and 94.

135.    Denies the allegations contained in paragraph 93.

## ANSWERING THE SEVENTH CROSS-CLAIM
## OF U.S. SHIPPING IN THE
## SHANDONG ACTION

136.    Paragraph 95 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Shandong Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 120 and in paragraphs 121 through 135, hereto.

137.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 97, 98, 99, 100 and 101, but admits that as alleged in

### ANSWERING THE THIRD CROSS-CLAIM
### OF U.S. SHIPPING IN THE
### SHANDONG ACTION

125.     Paragraph 80 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Shandong Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 120 and in paragraphs 121 through 124, hereto.

126.     Denies the allegations contained in paragraphs 81 and 82.

### ANSWERING THE FOURTH CROSS-CLAIM
### OF U.S. SHIPPING IN THE
### SHANDONG ACTION

127.     Paragraph 83 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Shandong Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 120 and in paragraphs 121 through 126, hereto.

128.     Denies knowledge or information sufficient to form a belief as  to the truth of the allegations contained in paragraph 85.

129.     Denies the allegations contained in paragraphs 84 and 86.

### ANSWERING THE FIFTH CROSS-CLAIM
### OF U.S. SHIPPING IN THE
### SHANDONG ACTION

130.     Paragraph 87 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Shandong Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as

## ANSWERING THE FIRST CROSS-CLAIM
## OF U.S. SHIPPING IN THE
## SHANDONG ACTION

120.    Paragraph 71 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Shandong Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  To the extent any answer is appropriate, ESM Group refers to its answering allegations and defensive allegations in response to the Shandong Complaint, which are hereby incorporated as though set forth at length herein, and further denies knowledge or information sufficient to form a belief as to the truth of the numerous allegations referenced by paragraph 71.

121.    Denies the allegations set forth in paragraph 72.

## ANSWERING THE SECOND CROSS-CLAIM
## OF U.S. SHIPPING IN THE
## SHANDONG ACTION

122.    Paragraph 73 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Shandong Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 120 and in paragraph 121, hereto.

123.    Denies the allegations set forth in paragraph 74 but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

124.    Denies the allegations of paragraphs 75, 76, 77, 78 and 79.

are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 101 and in paragraphs 102 through 113, hereto.

115.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 63 and 65.

116.    Denies the allegations contained in paragraph 64.

**ANSWERING THE SEVENTH CROSS-CLAIM
OF U.S. SHIPPING IN THE
CHEM ONE ACTION**

117.    Paragraph 66 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Chem One Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 101 and in paragraphs 102 through 116, hereto.

118.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 68, 69, 70, 71 and 72, but admits that as alleged in paragraph 67, on or about March 8, 2005, there was a collision between Rickmers Genoa and Sun Cross off the coast of China.

**U.S. SHIPPING'S CROSS-CLAIMS IN
THE SHANDONG ACTION**

119.    Defendant, ESM Group by its attorneys, Burke & Parsons, as and for its Answer to the Cross-Claims of U.S. Shipping, as Defendant in the Shandong action, states upon information and belief as follows:

### ANSWERING THE FOURTH CROSS-CLAIM
### OF U.S. SHIPPING IN THE
### CHEM ONE ACTION

108.   Paragraph 54 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Chem One Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 101 and in paragraphs 102 through 107, hereto.

109.   Denies knowledge or information sufficient to form a belief as  to the truth of the allegations contained in paragraph 56.

110.   Denies the allegations contained in paragraphs 55 and 57.

### ANSWERING THE FIFTH CROSS-CLAIM
### OF U.S. SHIPPING IN THE
### CHEM ONE ACTION

111.   Paragraph 58 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Chem One Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 101 and in paragraphs 102 through 110, hereto.

112.   Denies knowledge or information sufficient to form a belief as  to the truth of the allegations contained in paragraph 59.

113.   Denies the allegations contained in paragraphs 60 and 61.

### ANSWERING THE SIXTH CROSS-CLAIM
### OF U.S. SHIPPING IN THE
### CHEM ONE ACTION

114.   Paragraph 62 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Chem One Complaint, and

and further denies knowledge or information sufficient to form a belief as to the truth of the numerous allegations referenced by paragraph 41.

102.     Denies the allegations set forth in paragraph 42.

## ANSWERING THE SECOND CROSS-CLAIM
## OF U.S. SHIPPING IN THE
## CHEM ONE ACTION

103.     Paragraph 43 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Chem One Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 101 and in paragraph 102, hereto.

104.     Denies the allegations set forth in paragraph 44 and 45, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

105.     Denies the allegations of paragraphs 46, 47, 48, 49 and 50.

## ANSWERING THE THIRD CROSS-CLAIM
## OF U.S. SHIPPING IN THE
## CHEM ONE ACTION

106.     Paragraph 51 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Chem One Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 101 and in paragraphs 102 through 105, hereto.

107.     Denies the allegations contained in paragraphs 52 and 53.

**ANSWERING THE SEVENTH CROSS-CLAIM
OF THE RICKMERS INTERESTS IN THE
ATLANTIC COAST YACHT ACTION**

97.      Paragraph 68 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 81 and in paragraphs 82 through 96, hereto.

98.      Admits that as alleged in paragraph 69, on or about March 8, 2005, there was a collision between Rickmers Genoa and Sun Cross off the coast of China.

99.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 70, 71, 72, 73 and 74, but admits that as alleged in paragraph 71, on or about March 8, 2005, there was a collision between Rickmers Genoa and Sun Cross.

**U.S. SHIPPING'S CROSS-CLAIMS IN
THE CHEM ONE ACTION**

100.      Defendant, ESM Group by its attorneys, Burke & Parsons, as and for its Answer to the Cross-Claims of U.S. Shipping, Inc. ("U.S. Shipping"), as Defendant in the Chem One action, states upon information and belief as follows:

**ANSWERING THE FIRST CROSS-CLAIM
OF U.S. SHIPPING IN THE
CHEM ONE ACTION**

101.      Paragraph 41 purports to incorporate U.S. Shipping's numerous answering statements and defensive allegations which are directed to the Chem One Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  To the extent any answer is appropriate, ESM Group refers to its answering allegations and defensive allegations in response to the Chem One Complaints which are hereby incorporated as though set forth at length herein,

hereby incorporates, as though set forth at length herein, its prior responses in paragraph 81 and in paragraphs 82 through 88, hereto.

90.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 50.

91.     Denies the allegations contained in paragraphs 51, 52 and 53.

**ANSWERING THE FIFTH CROSS-CLAIM
OF THE RICKMERS INTERESTS IN THE
ATLANTIC COAST YACHT ACTION**

92.     Paragraph 54 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 81 and in paragraphs 82 through 91, hereto.

93.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 55, 57, 58 and 59.

94.     Denies the allegations contained in paragraph 56.

**ANSWERING THE SIXTH CROSS-CLAIM
OF THE RICKMERS INTERESTS IN THE
ATLANTIC COAST YACHT ACTION**

95.     Paragraph 60 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 81 and in paragraphs 82 through 94, hereto.

96.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 61, 62, 63, 64, 65, 66 and 67.

**ANSWERING THE SECOND CROSS-CLAIM
OF THE RICKMERS INTERESTS IN THE
ATLANTIC COAST YACHT ACTION**

84.     Paragraph 40 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 81 and in paragraphs 82 and 83, hereto.

85.     Denies the allegations contained in paragraphs 41, 42 and 43.

**ANSWERING THE THIRD CROSS-CLAIM
OF THE RICKMERS INTERESTS IN THE
ATLANTIC COAST YACHT ACTION**

86.     Paragraph 44 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 81 and in paragraphs 82 through 85, hereto.

87.     Denies the allegations contained in paragraphs 45, 47 and 48.

88.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 46.

**ANSWERING THE FOURTH CROSS-CLAIM
OF THE RICKMERS INTERESTS IN THE
ATLANTIC COAST YACHT ACTION**

89.     Paragraph 49 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also

paragraph 69, on or about March 8, 2005, there was a collision between Rickmers Genoa and Sun Cross.

**THE RICKMERS INTERESTS' CROSS-CLAIMS IN
THE ATLANTIC COAST YACHT ACTION**

80.     Defendant, ESM Group by their attorneys, Burke & Parsons, as and for its Answer to the Cross-Claims of the Rickmers Interests (i.e. Rickmers-Linie GmbH & Cie. KG; Rickmers Genoa Schiffahrtsges mbH & Cie. KG; and Genoa Navigation Co. Ltd.), as Defendants in the Atlantic Coast Yacht action, states upon information and belief as follows:

**ANSWERING THE FIRST CROSS-CLAIM
OF THE RICKMERS INTERESTS IN THE
ATLANTIC COAST YACHT ACTION**

81.     Paragraph 31 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Atlantic Coast Yacht Complaint, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  To the extent any answer is appropriate, ESM Group refers to its answering allegations and defensive allegations in response to the Atlantic Coast Yacht Complaint, which are hereby incorporated as though set forth at length herein, and further denies knowledge or information sufficient to form a belief as to the truth of the numerous allegations referenced by paragraph 31.

82.     Denies the allegations set forth in paragraphs 32 and 33, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

83.     Denies the allegations set forth in paragraphs 34, 35, 36, 37, 38 and 39.

hereby incorporates, as though set forth at length herein, its prior responses in paragraph 63 and in paragraphs 64 through 72, hereto.

74.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53, 55, 56 and 57, and denies the allegations in paragraph 54.

**ANSWERING THE SIXTH CROSS-CLAIM OF THE**
**RICKMERS INTERESTS IN THE CHEM ONE**
**AND SHANDONG ACTIONS**

75.    Paragraph 58 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Chem One and Shandong Complaints, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 63 and in paragraphs 64 through 74, hereto.

76.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 59, 60, 61, 62, 63, 64 and 65.

**ANSWERING THE SEVENTH CROSS-CLAIM OF THE**
**RICKMERS INTERESTS IN THE CHEM ONE**
**AND SHANDONG ACTIONS**

77.    Paragraph 66 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Chem One and Shandong Complaints, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 63 and in paragraphs 64 through 76, hereto.

78.    Admits that as alleged in paragraph 67, on or about March 8, 2005, there was a collision between Rickmers Genoa and Sun Cross off the Coast of China.

79.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 68, 69, 70, 71 and 72, but admits that as alleged in

### ANSWERING THE THIRD CROSS-CLAIM OF THE
### RICKMERS INTERESTS IN THE CHEM ONE
### AND SHANDONG ACTIONS

68.      Paragraph 42 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Chem One and Shandong Complaints, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 63 and in paragraphs 64 through 67, hereto.

69.      Denies the allegations contained in paragraphs 43, 44, 45 and 46.

### ANSWERING THE FOURTH CROSS-CLAIM OF THE
### RICKMERS INTERESTS IN THE CHEM ONE
### AND SHANDONG ACTIONS

70.      Paragraph 47 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Chem One and Shandong Complaints, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 63 and in paragraphs 64 through 69, hereto.

71.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 48.

72.      Denies the allegations contained in paragraphs 49, 50 and 51.

### ANSWERING THE FIFTH CROSS-CLAIM OF THE
### RICKMERS INTERESTS IN THE CHEM ONE
### AND SHANDONG ACTIONS

73.      Paragraph 52 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Chem One and Shandong Complaints, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also

## ANSWERING THE FIRST CROSS-CLAIM OF THE
## RICKMERS INTERESTS IN THE CHEM ONE
## AND SHANDONG ACTIONS

63.     Paragraph 29 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Chem One and Shandong Complaints, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  To the extent any answer is appropriate, ESM Group refers to its answering allegations and defensive allegations in response to the Chem One and Shandong Complaints, which are hereby incorporated as though set forth at length herein, and further denies knowledge or information sufficient to form a belief as to the truth of the numerous allegations referenced by paragraph 29.

64.     Denies the allegations contained in paragraphs 30 and 31, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

65.     Denies the allegations of paragraphs 32, 33, 34, 35, 36 and 37.

## ANSWERING THE SECOND CROSS-CLAIM OF THE
## RICKMERS INTERESTS IN THE CHEM ONE
## AND SHANDONG ACTIONS

66.     Paragraph 38 purports to incorporate the Rickmers Interests' numerous answering statements and defensive allegations which are directed to the Chem One and Shandong Complaints, and are not directed to ESM Group.  It does not constitute a short and plain statement and no response can reasonably be made to this paragraph.  ESM Group also hereby incorporates, as though set forth at length herein, its prior responses in paragraph 63 and in paragraphs 64 and 65, hereto.

67.     Denies the allegations contained in paragraphs 39, 40 and 41.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

56.     Denies the allegations contained in paragraphs 30, 31 and 32.

## ANSWERING THE FIFTH CAUSE OF ACTION
## OF THE RICKMERS INTERESTS' THIRD-PARTY COMPLAINT

57.     Answering paragraph 33, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 32 of the Third-Party Complaint with the same force and effect as if set forth at length herein.

58.     Denies the allegations contained in paragraphs 35 and 38.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 34, 36 and 37.

## ANSWERING THE SIXTH CAUSE OF ACTION
## OF THE RICKMERS INTERESTS' THIRD-PARTY COMPLAINT

60.     Answering paragraph 39, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 38 of the Third-Party Complaint with the same force and effect as if set forth at length herein.

61.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 40, 41, 42, 43, 44, 45 and 46.

## THE RICKMERS INTERESTS' CROSS-CLAIMS
## IN THE CHEM ONE AND SHANDONG ACTIONS

62.     Defendant, ESM Group by its attorneys, Burke & Parsons, as and for its Answer to the Cross-Claims of the Rickmers Interests (i.e. Rickmers-Linie GmbH & Cie. KG; Rickmers Genoa Schiffahrtsges mbH & Cie. KG; and Genoa Navigation Co. Ltd.), as Defendants in the Chem One and Shandong actions, states upon information and belief as follows:

## ANSWERING THE FIRST CAUSE OF ACTION
## OF THE RICKMERS INTERESTS' THIRD-PARTY COMPLAINT

47.      Answering paragraph 13, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 12 of the Third-Party Complaint with the same force and effect as if set forth at length herein.

48.      Denies the allegations contained in paragraphs 14, 15, 16, 17 and 18.

## ANSWERING THE SECOND CAUSE OF ACTION
## OF THE RICKMERS INTERESTS' THIRD-PARTY COMPLAINT

49.      Answering paragraph 19, repeats and realleges each and every admission, denial and denial of information and belief set forth in this Answer in response to paragraphs 1 through 18 of the Third-Party Complaint, with the same force and effect as if set forth at length herein.

50.      Denies the allegations contained in paragraphs 20, 21 and 22.

## ANSWERING THE THIRD CAUSE OF ACTION
## OF THE RICKMERS INTERESTS' THIRD-PARTY COMPLAINT

51.      Answering paragraph 23, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 22 of the Third-Party Complaint with the same force and effect as if set forth at length herein.

52.      Denies the allegations contained in paragraphs 24, 26 and 27.

53.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

## ANSWERING THE FOURTH CAUSE OF ACTION
## OF THE RICKMERS INTERESTS' THIRD-PARTY COMPLAINT

54.      Answering paragraph 28, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 27 of the Third-Party Complaint with the same force and effect as if set forth at length herein.

## ANSWERING THE SECOND CAUSE OF ACTION
## OF THE ATLANTIC COAST YACHT COMPLAINT

39.     Denies the allegations in paragraph 16, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

40.     Denies the allegations contained in paragraphs 17, 18 and 19.

## ANSWERING THE THIRD CAUSE OF ACTION
## OF THE ATLANTIC COAST YACHT COMPLAINT

41.     Denies the allegations contained in paragraphs 20 and 21.

## THE RICKMERS INTERESTS THIRD-PARTY COMPLAINT

42.     Third-Party Defendant, ESM Group by its attorneys, Burke & Parsons, as and for its Answer to the Third-Party Complaint of the Third-Party Plaintiffs, Rickmers-Linie GmbH & Cie. KG; Rickmers Genoa Schiffahrtsges mbH & Cie. KG; and Genoa Navigation Co. Ltd. (hereinafter "Rickmers Interests or Third-Party Plaintiffs"), states upon information and belief as follows:

## ANSWERING THE JURISDICTIONAL AND PARTY ALLEGATIONS
## OF THE RICKMERS INTERESTS' THIRD-PARTY COMPLAINT

43.     Admits the allegations in paragraphs 1, 5 and 6.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 3, 4, 7 and 8.

45.     Denies the allegations contained in paragraph 9.

## ANSWERING THE "COMMON FACTS" ALLEGATIONS
## OF THE RICKMERS INTERESTS' THIRD-PARTY COMPLAINT

46.     Denies the allegations in paragraphs 10, 11 and 12, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

## ANSWERING COUNT V
## OF THE SHANDONG COMPLAINT

32.     Answering paragraph 40, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 39 of the Complaint with the same force and effect as if set forth at length herein.

33.     Denies the allegations contained in paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 and 52.

## THE ATLANTIC COAST YACHT COMPLAINT

34.     Defendant, ESM Group by its attorneys, Burke & Parsons, as and for its Answer to the Complaint of Plaintiff, Atlantic Coast Yacht Sales, Inc. ("Atlantic Coast Yacht"), states upon information and belief as follows:

## ANSWERING THE JURISDICTIONAL AND PARTY ALLEGATIONS
## OF THE ATLANTIC COAST YACHT COMPLAINT

35.     Admits that this is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h) and this Court has admiralty subject matter jurisdiction under 28 U.S.C. § 1333, but otherwise denies the allegations in paragraph 1.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 3, 4, 5, 6, 9 and 10.

37.     Admits the allegations in paragraphs 7 and 8.

## ANSWERING THE FIRST CAUSE OF ACTION
## OF THE ATLANTIC COAST YACHT COMPLAINT

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 11, 12, 13, 14 and 15.

## ANSWERING COUNT I
## OF THE SHANDONG COMPLAINT

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 13, 14, 15, 16, 17 and 18.

## ANSWERING COUNT II
## OF THE SHANDONG COMPLAINT

25.     Answering paragraph 19, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 18 of the Complaint with the same force and effect as if set forth at length herein.

26.     Denies the allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30.

27.     Denies the allegations contained in paragraph 20, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

## ANSWERING COUNT III
## OF THE SHANDONG COMPLAINT

28.     Answering paragraph 31, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 30 of the Complaint with the same force and effect as if set forth at length herein.

29.     Denies the allegations contained in paragraphs 32, 33 and 34.

## ANSWERING COUNT IV
## OF THE SHANDONG COMPLAINT

30.     Answering paragraph 35, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 34 of the Complaint with the same force and effect as if set forth at length herein.

31.     Denies the allegations contained in paragraphs 36, 37, 38 and 39.

## ANSWERING THE FIFTH CAUSE OF ACTION
## OF THE CHEM ONE THIRD AMENDED COMPLAINT

16.     Answering paragraph 40, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 39 of the Amended Complaint with the same force and effect as if set forth at length herein.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 41, 42, 43, 44, 45 and 46.

## THE SHANDONG COMPLAINT

18.     Defendant, ESM Group by its attorneys, Burke & Parsons, as and for its Answer to the Amended Complaint dated November 4, 2005, Complaint of the Plaintiff, Shandong Industrial Inc. ("Shandong"), states upon information and belief as follows:

## ANSWERING THE JURISDICTIONAL AND PARTY ALLEGATIONS
## OF THE SHANDONG COMPLAINT

19.     Admits the allegations in paragraph 1.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 3, 9, 10, 11 and 12.

21.     Denies the allegations contained in paragraphs 6, 7 and 8, but admits that from time to time ESM Group does contract to supply some goods or services in the State of New York.

22.     Denies the allegations in paragraph 4, but admits that ESM Group has an office at the address stated in Schedule A to the Complaint.

23.     Admits the allegations contained in paragraph 5, except denies that it "did commit a tortious act within the State of New York, and did commit a tortious act outside the State of New York causing injury to the plaintiff within the State of New York."

## ANSWERING THE SECOND CAUSE OF ACTION
## OF THE CHEM ONE THIRD AMENDED COMPLAINT

6.      Answering paragraph 13, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 12 of the Amended Complaint with the same force and effect as if set forth at length herein.

7.      Denies the allegations in paragraph 14, but admits the facts as specifically alleged in the First Defense hereto, and the allegations set forth in the First Defense are incorporated herein with the same force and effect as if set forth at length herein.

8.      Denies the allegations in paragraphs 15, 16, 17 and 18.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 19, 20 and 21.

## ANSWERING THE THIRD CAUSE OF ACTION
## OF THE CHEM ONE THIRD AMENDED COMPLAINT

10.     Answering paragraph 22, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 21 of the Amended Complaint with the same force and effect as if set forth at length herein.

11.     Denies the allegations in paragraphs 23, 24, 25, 26 and 27.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 28, 29 and 30.

## ANSWERING THE FOURTH CAUSE OF ACTION
## OF THE CHEM ONE THIRD AMENDED COMPLAINT

13.     Answering paragraph 31, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 30 of the Amended Complaint with the same force and effect as if set forth at length herein.

14.     Denies the allegations in paragraphs 32, 33, 34, 35 and 36.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 37, 38 and 39.

## THE CHEM ONE THIRD AMENDED COMPLAINT

Defendant, ESM Group Inc. ("ESM Group"), by its attorneys, Burke & Parsons, as and for its Answer to the Third Amended Complaint of Plaintiffs, Chem One Ltd. ("Chem One"), and Commercial Metals Company, A.H.A. International Co., Ltd., IKE Trading Co., Ltd., Hunter Douglas Metals, Inc., National Oilwell L.P., Texas Wyoming Drilling, Inc., Graphite Electrodes Sales Company, Inc., The Babcok & Wilcox Company, Westco Systems, Inc., Toray Engineering Co., Ltd., The Crispin Company, and Itochu Building Products Co., Inc., states upon information and belief as follows:

## ANSWERING THE JURISDICTIONAL AND PARTY ALLEGATIONS
## OF THE CHEM ONE THIRD AMENDED COMPLAINT

1.      Admits the allegations in paragraph 1.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 3, and 5.

3.      Admits that ESM Group is a Delaware corporation, with an office at 300 Corporate Parkway, 261N, Amherst, New York 14226, and that ESM (Tianjin) Co., Ltd. is a related company incorporated in China and the seller and shipper of 600 metric tons of goods carried onboard Rickmers Genoa, but except as so specifically admitted, denies the allegations in paragraph 4.

## ANSWERING THE FIRST CAUSE OF ACTION
## OF THE CHEM ONE THIRD AMENDED COMPLAINT

4.      Answering paragraph 6, repeats and realleges each and every admission, denial, and denial of information set forth in this Answer in response to paragraphs 1 through 5 of the Amended Complaint with the same force and effect as if set forth at length herein.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7, 8, 9, 10, 11 and 12.

Christopher H. Dillon (CD-7321)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**CHEM ONE LTD., et al.**

               **Plaintiffs,**

         - against –

**M/V RICKMERS GENOA and M/V SUN CROSS, their engines, boilers, etc.,** *in rem;*
**RICKMERS GENOA SCHIFFAHRTSGES mbH & Cie. KG., UNITED SHIPPING
SERVICES, INC., SESCO GROUP INC., CS MARINE CO. LTD., ESM GROUP INC., and
ESM (TIANJIN) CO., LTD.,** *in personam,*

               **Defendants.**

05 CV 4261 (LAP-THK)
05 CV 6226 (LAP-THK)
05 CV 8841 (LAP-THK)
05 CV 9472 (LAP-THK)

---

**SHANDONG INDUSTRIAL INC.,**

               **Plaintiff,**

         - against –

**M/V RICKMERS GENOA, her engines, boilers, etc.; M/V SUN CROSS, her engines,
boilers, etc.; RICKMERS-LINIE GmbH & CIE. KG; RICKMERS GENOA
SCHIFFAHRTSGES mbH & CIE KG; GENOA NAVIGATION CO. LTD.; C S MARINE
CO., LTD.; SUNWOO MERCHANT MARINE CO. LTD.; ESM GROUP INC., ESM
(TIANJIN) CO., LTD.; PUDONG TRANS USA INC.; and U.S. SHIPPING, INC.**

               **Defendants.**

---

**ST. PAUL TRAVELERS, as** *subrogee* **of FOREIGN TIRE SALES, INC.**

               **Plaintiff,**

         - against –

**M/V RICKMERS GENOA and MV SUN CROSS, their engines, boilers, tackle, etc.; and
ZEN CONTINENTAL CO., INC., RICKMERS GENOA SCHIFFAHRTSGES GmbH and
CIE. K.G., RICKMERS-LINIE GmbH and CIE. KG and SUNWOO MERCHANT
MARINE CO., LTD.**

               **Defendants.**

**ANSWER OF
ESM GROUP INC.,
IN RESPONSE TO
PLAINTIFFS'
COMPLAINTS,
RICKMERS'
THIRD-PARTY
COMPLAINT
AND CROSS-
CLAIMS, AND
U.S. SHIPPING'S
CROSS-CLAIMS**

---

**ATLANTIC COAST YACHT SALES, INC.**

               **Plaintiff,**

         vs.

**M/V RICKMERS GENOA, her engines, boilers, etc., M/V SUN CROSS, her engines,
boilers, etc., RICKMERS-LINIE GmbH & CIE, KG, RICKMERS GENOA
SCHIFFAHRTSGES, mbh & CIE, KG, GENOA NAVIGATION CO. LTD., CS MARINE
CO. LTD., ESM GROUP INC., ESM (TIANJIN) CO., LTD., PUDONG TRANS USA,
INC., and U.S. SHIPPING, INC.**

               **Defendants.**

**Electronically Filed**

---

**RICKMERS-LINIE GmbH & Cie. KG; RICKMERS GENOA SCHIFFAHRTSGES mbH &
Cie. KG; and GENOA NAVIGATION CO. LTD.;**

               **Third-Party Plaintiffs,**

         - against –

**ESM GROUP INC.; ESM (TIANJIN) CO., LTD.; PUDONG TRANS USA, INC.; and U.S.
SHIPPING, INC.**

               **Third-Party Defendants.**