*Thomas E. Willoughby (TW 4452)*
*James A. Saville, Jr. (JS-4835)*
HILL RIVKINS & HAYDEN LLP
*Attorneys for Plaintiffs*

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
CHEM ONE LTD., COMMERICAL METALS
COMPANY;  A.H.A. INTERNATIONAL CO.,
LTD., IKE TRADING CO., LTD., HUNTER
DOUGLAS METALS, INC., NATIONAL OILWELL
L.P., TEXAS WYOMING DRILLING, INC., GRAPHITE
ELECTRODES SALES COMPANY, INC., THE BABCOK &
WILCOX COMPANY, WESTCO SYSTEMS, INC.,
TORAY ENGINEERING CO., LTD., THE CRISPIN
COMPANY, ITOCHU BUILDING PRODUCTS
CO., INC., BLUELINX CORPORATION, KURT ORBAN
PARTNERS LLC, BSTC GROUP INC.,
FOSTER WHEELER NORTH AMERICA CORP.; WEGO
CHEMICAL & MINERAL CORP.; SUEWON POONGRYUK
MACHINERY CO., LTD.; GENERAL ELECTRIC COMPANY and
WINTERSUN GROUP(USA) INC.

Index No.:
**05 CIV. 4261 (LAP)**

                    Plaintiffs,

        - against -                                  ***SIXTH AMENDED***
                                                     ***COMPLAINT***

M/V "RICKMERS GENOA" and M/V "SUN CROSS;"
their engines, boilers, etc., in rem; RICKMERS GENOA
SCHIFFAHRTSGES mbH & Cie. KG; RICKMERS-
LINIE GmbH & Cie. KG; UNITED SHIPPING
SERVICES, INC.; SESCO GROUP INC.; CS MARINE
CO. LTD.; SUNWOO MERCHANT MARINE CO., LTD.;
JA SUNG MARINE CO., LTD.; ESM GROUP, INC.;
PUDONG TRANS USA INC.; ESM (TIANJIN)
CO., LTD., ESM II, INC. and ESM II LP in personam,

                    Defendants.
-------------------------------------------------------------------X

The plaintiffs herein, by their attorneys, HILL RIVKINS & HAYDEN LLP, complaining of the above named vessels and defendants, allege upon information and belief:

## *JURISDICTION AND THE PARTIES*

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      At and during all times hereinafter mentioned, plaintiffs were and now are corporations or other legal entities having interests in connection with certain bills of lading with principal offices and places of business stated in Schedule A hereto annexed and by this reference made a part hereof.  Plaintiffs Foster Wheeler North America Corp.; Wego Chemical & Mineral Corp.; and Suewon Poongryuk Machinery Co., Ltd. are hereinafter referred to as "ESM Plaintiffs."

3.      At and during all times hereinafter mentioned, all the defendants with the exception of ESM Group, Inc., ESM (Tianjin) Co., Ltd., ESM II INC., ESM II, LP,  M/V SUN CROSS and CS Marine Co., Ltd. (hereinafter "Carrier Defendants") were and now are corporations or other business entities with offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled defendant M/V RICKMERS GENOA which now is or will be within the jurisdiction of this Court during the pendency of this action.

2

4.      At and during all times hereinafter mentioned, ESM Group, Inc., ESM II INC.,

ESM II, LP and ESM (Tianjin) Co., Ltd. (hereinafter "Super Sul Defendants"), were and now are

corporations or other business and were and now are sister and/or related companies entities with

offices and places of business stated in Schedule A and were, respectively, the buyer/receiver and

seller/shipper of a cargo of 600 bags of "Super Sul Mg. 89" which magnesium product exploded

and set the M/V RICKMERS GENOA and plaintiffs' cargoes ablaze during the course of the

pertinent voyage.

5.      At and during all times hereinafter mentioned, Ja Sung Marine Co., Ltd., CS

Marine Co. Ltd. and Sunwoo Merchant Marine Co., Ltd. were and now are companies or other

business entities with  offices and places of business stated in Schedule A and were and now are

engaged in the business of common carriers by water for hire and owned, operated, managed,

chartered and/or controlled defendant M/V SUN CROSS.

### AS AND FOR A
### FIRST CAUSE OF ACTION
### AGAINST THE CARRIER DEFENDANTS
### ASSERTED BY ALL PLAINTIFFS WITH
### THE EXCEPTION OF THE ESM PLAINTIFFS

6.      Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 5 as

if set forth herein at length.

7.      On or about the dates and at the ports of shipment stated in Schedule A, there

were delivered to the M/V RICKMERS GENOA and Carrier Defendants in good order and

3

condition the shipments described in Schedule A, which the M/V RICKMERS GENOA and

Carrier Defendants received, accepted and agreed to transport for certain consideration to the

ports of destination stated in Schedule A.

8.      Thereafter, M/V RICKMERS GENOA and Carrier Defendants arrived at the ports

of destination described in Schedule A and the cargo was delivered damaged and/or is subject to

a salvor's and general average lien and the payments related thereto as a result of a casualty at

sea.  In addition, Carrier Defendants wrongfully and without cause barred certain plaintiffs from

surveying their cargoes after the said vessel collided with and sank the M/V SUN CROSS in the

Yellow Sea on March 7, 2005.  Carrier Defendants then tortiously and improperly demanded

security for general average contribution for the containers within which certain plaintiffs had

stuffed their cargoes when the correct course of action would have been to have sought such

security from the owners/lessors/leasees of said containers.

9.      By reason of the premises, the M/V RICKMERS GENOA was unseaworthy and

Carrier Defendants breached, failed and violated their duties to the plaintiffs as common carriers

by water for hire and/or bailees and caused additional aggravated damages above and beyond the

invoice value of the cargo, as set forth above and were negligent and otherwise at fault.

10.     Plaintiffs were the shippers, consignees, owners, cargo insurers or their authorized

representatives in connection with the shipments as described in schedule A and bring this action

on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who

4

may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

11.    Plaintiffs have duly performed all duties and obligations on their part to be performed.

12.    By reason of the premises, plaintiffs have sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $10,170,128.65.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE SUPER SUL DEFENDANTS
## ASSERTED BY ALL PLAINTIFFS
## Strict Liability

13.    Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 12 as if set forth herein at length.

14.    Super Sul Defendants were the owners, manufacturers, shippers, consignees, receivers, and/or buyers of Super Sul Mg 89 cargo delivered by the Super Sul Defendants and/or their agents to the M/V RICKMERS GENOA or other Carrier Defendants who loaded and stowed it aboard the vessel on the subject voyage.

15.    Super Sul Defendants were obligated to adequately warn and/or inform plaintiffs

and the Carrier Defendants as to the inherently dangerous nature of the Super Sul Mg 89 cargo.

16.     Super Sul Defendants placed this cargo of Super Sul Mg 89 into the stream of commerce without providing any warning of its inherently dangerous nature.

17.     In failing to warn and/or inform plaintiffs and/or Carrier Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the Super Sul defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

18.     As a result of Super Sul Defendants' failure to warn and/or inform plaintiffs and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, the Super Sul Mg 89 did generate flammable gas resulting in an explosion, fire and damage to the RICKMERS GENOA and plaintiffs' cargo on or about March 8, 2005, and further causing the plaintiffs to suffer damage in the nature of general average and salvage liens and payments related thereto.

19.     Plaintiffs were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in schedule A and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately

6

appear and plaintiffs are entitled to maintain this action.

20.     Plaintiffs have duly performed all duties and obligations on their part to be performed.

21.     By reason of the premises, plaintiffs have sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $10,522,379.65.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST THE SUPER SUL DEFENDANTS
### ASSERTED BY ALL PLAINTIFFS
### Failure To Warn

22.     Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 21 as if set forth herein at length.

23.     Super Sul Defendants as the owners, manufacturers, shippers, consignees, receivers, and/or buyers of Super Sul Mg 89 cargo were aware, or should have been aware, of the inherently dangerous nature of the Super Sul Mg 89 cargo prior to delivery to the Carrier Defendants and the M/V RICKMERS GENOA.

24.     Super Sul Defendants were obligated to adequately warn and/or inform plaintiffs and Carrier Defendants as to the inherently dangerous nature of the Super Sul Mg 89 cargo.

25.    Super Sul defendants placed this cargo of Super Sul Mg 89 into the stream of commerce without providing any warning of its inherently dangerous nature.

26.    In failing to warn and/or inform plaintiffs and/or Carrier Defendants of the inherently dangerous, inflammable and/or explosive nature of the cargo makes the Super Sul defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304 and any and all other applicable law.

27.    As a result of Super Sul Defendants' failure to warn and/or inform plaintiffs and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the cargo was adequately packed, the Super Sul Mg 89 did generate flammable gas resulting in an explosion, fire and damage to the RICKMERS GENOA and plaintiffs' cargo on or about March 8, 2005, and further causing the plaintiffs to suffer damage in the nature of general average and salvage liens and payments related thereto.

28.    Plaintiffs were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in schedule A and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

29.     Plaintiffs have duly performed all duties and obligations on their part to be

performed.


30.     By reason of the premises, plaintiffs have sustained damages as nearly as same

can now be determined no part of which has been paid although duly demanded in the amount of

$10,522,379.65.


### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST THE SUPER SUL DEFENDANTS
### ASSERTED BY ALL PLAINTIFFS
### *Negligence*

31.     Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 30

as if set forth herein at length.


32.     Super Sul Defendants as the owners, manufacturers, shippers, consignees,

receivers, and/or buyers of Super Sul Mg 89 cargo were obligated and duty-bound, regardless of

knowledge, to adequately warn and/or inform plaintiffs and the Carrier Defendants as to the

inherently dangerous nature of the Super Sul Mg 89 cargo and properly package, brace and stow

the cargo prior to carriage.


33.     Super Sul Defendants were obligated to adequately warn and/or inform plaintiffs

and Carrier Defendants as to the inherently dangerous nature of the Super Sul Mg 89 cargo.


9

34.     Super Sul defendants placed this cargo of Super Sul Mg 89 into the stream of

commerce without providing any warning of its inherently dangerous nature.


35.     In failing to warn and/or inform plaintiffs and/or Carrier Defendants of the

inherently dangerous, inflammable and/or explosive nature of the cargo makes the Super Sul

defendants, as shippers and/or consignees, strictly liable for all of the damages and expenses

directly or indirectly arising out of or resulting from such shipment pursuant to 46 U.S.C. § 1304

and any and all other applicable law.


36.     As a result of Super Sul Defendants' failure to warn and/or inform plaintiffs

and/or Carrier Defendants of the inherently dangerous nature of the cargo and ensure that the

cargo was adequately packed, braced and stowed and their own negligence the Super Sul Mg 89

did generate flammable gas resulting in an explosion, fire and damage to the RICKMERS

GENOA and plaintiffs' cargo on or about March 8, 2005, and further causing the plaintiffs to

suffer damage in the nature of general average and salvage liens and payments related thereto.


37.     Plaintiffs were the shippers, consignees, owners, cargo insurers or their authorized

representatives in connection with the shipments as described in schedule A and bring this action

on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who

may be or become interested in the said shipments as their respective interests may ultimately

appear and plaintiffs are entitled to maintain this action.

10

38.     Plaintiffs have duly performed all duties and obligations on their part to be performed.

39.     By reason of the premises, plaintiffs have sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $10,522,379.65.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE M/V SUN CROSS, JA SUNG MARINE CO., LTD.,  CS MARINE AND SUNWOO MERCHANT MARINE ASSERTED BY ALL PLAINTIFFS WITH THE EXCEPTION OF THE ESM PLAINTIFFS

40.     Plaintiffs repeat and realleges the allegations set forth in paragraphs 1 through 39 as if set forth herein at length.

41.     On or about March 7, 2004, defendants JA Sung Marine Co., Ltd.,  CS Marine Co., Ltd. and Sunwoo Merchant Marine Co., Ltd., owned, operated, chartered, managed, controlled and/or crewed the M/V SUN CROSS which vessel was in transit in the South China Sea.

42.     As a result of the unseaworthiness of the M/V SUN CROSS and the negligence and incompetence of JA Sung Marine Co., Ltd., CS Marine Co., Ltd., Sunwoo Merchant Marine

Co., Ltd., the crew and the master of the M/V SUN CROSS, the M/V RICKMERS GENOA, which carried plaintiffs' cargo, and the M/V SUN CROSS collided and plaintiffs' cargo damaged. As a result of the collision the M/V SUN CROSS sank.

43.     By reason of the premises, the M/V SUN CROSS was unseaworthy and defendants JA Sung Marine Co., Ltd., CS Marine Co., Ltd. and Sunwoo Merchant Marine Co., Ltd. breached, failed and violated their duties and obligations to plaintiffs, were negligent and otherwise at fault.

44.     Plaintiffs were the shippers, consignees, owners, cargo insurers or their authorized representatives in connection with the shipments as described in schedule A and bring this action on their own behalf and, as agents and trustees, on behalf of and for all interests of parties who may be or become interested in the said shipments as their respective interests may ultimately appear and plaintiffs are entitled to maintain this action.

45.     Plaintiffs have duly performed all duties and obligations on their part to be performed.

46.     By reason of the premises, plaintiffs have sustained damages as nearly as same can now be determined no part of which has been paid although duly demanded in the amount of $10,170,128.65.

12

*W H E R E F O R E*,  plaintiff prays:

1.      That process in due form of law according to the practice of this Court may issue against defendants.

2.      That if defendants cannot be found within this District, that all of their property within this District, as shall be described in the affidavit, be attached in the sum set forth in this Second Amended Complaint, with interest and costs.

3.      That a decree be entered in favor of plaintiffs and against the M/V RICKMERS GENOA and the Carrier Defendants as the first cause of action in the amount of plaintiffs' damages, together with interest and costs.

4.      That a decree be entered in favor of plaintiffs against ESM Group Inc. and ESM (Tianjin) Co., Ltd. on the second, third and fourth cause of action in the amount of plaintiffs' damages, together with interest and costs.

5.      That a decree be entered in favor of plaintiffs against the M/V SUN CROSS, JA Sung Marine Co., Ltd., CS Marine Co., Ltd. and Sunwoo Merchant Marine Co., Ltd. on the fifth cause of action in the amount of plaintiffs' damages, together with interest and costs.

6.      That a decree be entered in favor of plaintiffs against the Carrier Defendants adjudging that the declaration of general average by the Carrier Defendants was improper and, therefore, plaintiffs are not required to contribute in general average and salvage and are entitled to a refund of any payments heretofore made.

7.      That process in due form of law according to the practice of this Court may issue against the aforesaid named vessel.

8. Plaintiff further prays for such other, further and different relief as to this Court may

13

seem just and proper in the premises.

Dated: New York, New York
        September 1, 2006

                            HILL RIVKINS & HAYDEN LLP
                            Attorneys for Plaintiffs

            By:             _____
                            James A. Saville, Jr. (JS-4835)
                            Thomas E. Willoughby (TW 4452)

                            45 Broadway, Suite 1500
                            New York, New York 10006
                            (212) 669-0600

28921\PLEADINGS Sixth Amended Complaint

14

## SCHEDULE A

**Plaintiffs:**    Chem One Ltd.
8017 Pinemont Drive
Houston, TX 77040-6519

Commercial Metals Company
9370 Wallisville Road
Suite 100
Houston, TX  77013

A.H.A. International Co., Ltd.
306 Tunxl Road
Hefei, Anhui
China

IKE Trading Co., Ltd.
8905 S.W. Nimbus Ave.
Suite 190
Beaverton, OR  97008

Hunter Douglas Metals, Inc.
Roxboro, North Carolina

National Oilwell L.P.
500 Industrial Blvd.
Sugarland, TX  77478

Texas Wyoming Drilling, Inc.
Post Office Box 41343
Houston, Texas  77241-1343

Graphite Electrodes Sales Company, Inc.
5628 Clifford Circle
Birmingham, AL  35210

The Babcok & Wilcox Company
20 S. Van Buren Avenue
Barbeton, OH  44203

Westco Systems, Inc.
7396 Lowell Blvd.
Westminster, CO  80030

Toray Engineering Co., Ltd.
Nihonbashi, Muromachi Bldg. 3-3-16
Hongokurcho, Chunko
Tokyo, Japan 103

The Crispin Company
2069 Lubback
Houston, TX  77007

Itochu Building Products Co., Inc.
660 White Plains Road
Tarrytown, NY  10591

Bluelinx Corporation
4300 Wildwood Parkway
Atlanta, GA 30339

Kurt Orban Parnters LLC
63 Bouet Road, Suite 432
San Manteo, CA  04402

BSTC Group Inc.
75 Union Ave
Rutherford, NJ  07070

Foster Wheeler North America Corp.
Perryville Corporate Park
Clinton, NJ 08809

Wego Chemical & Mineral Corp.
239 Great Neck Road
Great Neck, NY 11021

Suewon Poongryuk Machinery Co. Ltd.
791-2 Kwanyang-Dong
Donyan-gu, Anyang, Kyungki-do
Korea

General Electric Company
3135 Easton Turnpike
Fairfield, CT 06828

Wintersun Group(USA) Inc.
3100 E. Cedar Street, Suite 15
Ontario, CA 91761

**Defendants:**    Rickmers Genoa Schiffahrtsges. mbH & Cie KG
c/o Rickmers Reederei GmbH & Cie KG
Neumuhleu 19
Hamburg, Germany 22763

and c/o Fowler Rodriguez & Chalos LLP
366 Main Street
Port Washington, NY 11050
Attn.:  Eugene J. O'Connor, Esq.

Rickmers Linie GmbH & Cie. KG
Nuemuhelu 19
Hamburg, Germany  22763

and c/o Fowler Rodriguez & Chalos LLP
366 Main Street
Port Washington, NY 11050
Attn.:  Eugene J. O'Connor, Esq.

United Shipping Services, Inc.
2321 Highbury Avenue, #51
Los Angeles, CA 90032

and c/o Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, NY 10006
Attn.:  Michael DeCharles, Esq.

SESCO Group Inc.
19 E. Live Oak Avenue
Arcadia, CA  91006-5200

CS MARINE CO. LTD.
8F Ocean B/D
76-13 4GA, Chunggang Dong, Chung Gu
Busan, Korea

and c/o Freehill Hogan & Mahar
80 Pine Street
New York, NY

17

Attn.:  James L. Ross, Esq.

ESM GROUP, INC.
300 Corporate Parkway – 261N
Amherst, New York 14226

and c/o CT Corporation System   (Registered Agent for accepting-
111 Eighth Avenue                             service of process)
New York, New York 10011

and c/o Burke & Parson
100 Park Avenue
New York, NY  10017-5537
Attn.:  Raymond J. Burke, Jr., Esq.

ESM II INC.
300 Corporate Parkway – 261N
Amherst, New York 14226

ESM II LP
300 Corporate Parkway – 261N
Amherst, New York 14226

SUNWOO MERCHANT MARINE CO., LTD.
3F Dongwon Building
128-27 Dangju-dong
Chongno-gu Seoul 110-071
South Korea

ESM (TIANJIN) CO., LTD.
28-H Yun Xiang Building, 72-72#
X1 Kang Road
He Ping District
Tianjin, Peoples Republic of China

Pudong Trans USA Inc.
9660 Fair Drive #328
El Monk, CA  91731

**RICKMERS GENOA**
**HILL RIVKINS**
**CARGO INTERESTS-SKED A**

| HR&H No. | Folio No. | B/L Issuer | Rickmers B/L No. | Container No. | Loadport | Disport | Shipper | Consignee | Cargo Description | Claim Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 28921-1 | | Rickmers-Linie / Pudong Trans USA Inc. | RCK1153XINCAM47 | ACCU2410922 | Tianjin | NY | A.H.A. International | Ike Trading Co. Ltd | Anhydrous Caffeine | $75,089.52 |
| 28921-2 | 8400 | Rickmers-Linie | RCK1153SHANOU05 | N/A | Shanghai | Houston | Shanghai Minmetals | Commercial Metals Company | carbon steel seamless tubing | $479,091.54 |
| | 8500 | Rickmers-Linie | RCK1153SHANOU06 | N/A | Shanghai | Houston | Shanghai Minmetals | Commercial Metals Company | carbon steel seamless tubing | $462,921.07 |
| | 8600 | Rickmers-Linie | RCK1153SHANOU07 | N/A | Shanghai | Houston | Panyu Chu Kong Steel | Commercial Metals Company | commercial carbon steel pipe | $381,075.04 |
| | 8700 | Rickmers-Linie | RCK1153SHAHOU08 | N/A | Shanghai | Houston | Panyu Chu Kong Steel | Commercial Metals Company | hot rolled steel bars | $188,803.42 |
| | 8800 | Rickmers-Linie | RCK1153SHAHOU09 | N/A | Shanghai | Houston | Suntree | Commercial Metals Company | hot rolled steel bars | $129,857.68 |
| | 8900 | Rickmers-Linie | RCK1153SHAHOU10 | N/A | Shanghai | Houston | Suntree | Commercial Metals Company | hot rolled steel bars | $127,857.68 |
| | 9000 | Rickmers-Linie | RCK1153SHAHOU11 | N/A | Shanghai | Houston | Panyu Chu Kong Steel | Commercial Metals Company | hot rolled carbon steel pipe | $41,910.49 |
| | 9100 | Rickmers-Linie | RCK1153SHAHOU12 | N/A | Shanghai | Houston | Panyu Chu Kong Steel | Commercial Metals Company | hot rolled carbon steel pipe | $89,186.80 |
| | 9200 | Rickmers-Linie | RCK1153SHAHOU13 | N/A | Shanghai | Houston | Panyu Chu Kong Steel | Commercial Metals Company | hot rolled carbon steel pipe | $50,394.17 |
| | 9300 | Rickmers-Linie | RCK1153SHAHOU09 | N/A | Shanghai | Houston | Panyu Chu Kong Steel | Commercial Metals Company | hot rolled carbon steel pipe | $212,873.05 |
| 28921-3 | 7700 | Rickmers-Linie | RCK1153SHANQL07 | N/A | Shanghai | NOLA | Suntree | Commercial Metals Company | hot rolled steel bars | $236,532.70 |
| | 7800 | Rickmers-Linie | RCK1153SHANQL08 | N/A | Shanghai | NOLA | Suntree | Commercial Metals Company | hot rolled steel bars | $67,943.98 |
| | 7900 | Rickmers-Linie | RCK1153SHANQL09 | N/A | Shanghai | NOLA | Suntree | Commercial Metals Company | hot rolled steel bars | $215,907.42 |
| 28921-4 | 10800 | Rickmers-Linie | RCK1153SHACAM04 | N/A | Shanghai | Camden | Panyu Chu Kong Steel | Commercial Metals Company | hot rolled carbon steel pipe | $197,412.27 |
| | 4000 | United Shipping Svcs | RCK1153XINHQU48 | PRSU12178243 | Xingang | Houston | Tianjin Soda Plant | To Order | Treated Ammonium Chloride | $11,027.49 |
| | 4100 | United Shipping Svcs | RCK1153XINHQU49 | PRSU12186991 | Xingang | Houston | Chem One Ltd. | Chem One Ltd. | Oxalic Acid | $25,864.51 |
| | 9500 | Seasco Group | RCK1153SHAHQU50 | MESU2008024 | Shanghai | Houston | Zhengzhou Tuoyang | To Order | Sodium Erythorbate | $10,007.43 |
| | 9600 | Seasco Group | RCK1153SHAHQU51 | MFSU20008050 | Shanghai | Houston | Jiangsu Soho | Chem One Ltd. | Ammonium Chloride | $10,007.43 |
| | 4400 | United Shipping Svcs | RCK1153XINHQU90 | MLCU2477470 | Xingang | Houston | Luyang Chemical | To Order | Anhydrous Sodium Acetate | $23,009.78 |
| | 4500 | United Shipping Svcs | RCK1153XINHQU92 | CPIU8049592 | Xingang | Houston | Hebei Huida Chemical | Chem One Ltd. | Isocyanuric Acid Powder | $15,760.30 |
| 28921-5A | | Rickmers-Linie | RCK1153XINNQL60 | CAXU6885338 / CAXU6885343 / CAXU6885364 | Tianjin | NOLA | Baotou Aluminum Co. | Hunter Douglas Metals | Aluminum Alloy | $129,629.98 |
| 28921-5B | | Rickmers-Linie | RCK1153XINHQU02 | N/A | Xingang | Houston | Lanzhou LS | National Oilwell LP | Oil Field Machinery | $2,251,504.73 |
| 28921-5C | | Rickmers-Linie | RCK1153XINHQU01 | N/A | Xingang | Houston | Oilman Petroequip | Texas Wyoming Drilling | Mud pumps and parts | $289,451.00 |
| 28921-5D | | Rickmers-Linie | RCK1153XINQNL14 | | Xingang | NOLA | Vangcheng Jingwei | Graphite Electrodes Sales, Inc. | Iron Frames graphite blocks | $43,648.68 |
| | | Rickmers-Linie | RCK1153XINCAM04 | | Xingang | Camden | Vangcheng Jingwei | Graphite Electrodes Sales, Inc. | Iron Frames graphite blocks | $95,284.60 |
| | | Rickmers-Linie | RCK1153XINCAM03 | | Xingang | Camden | Zibo Continent Carbon | Graphite Electrodes Sales, Inc. | Graphite Electrodes | $63,656.99 |
| | | Rickmers-Linie | RCK1153XINQNL13 | | Xingang | NOLA | Jilin Carbon Import | Graphite Electrodes Sales, Inc. | Graphite Electrodes | $24,280.13 |
| | | Rickmers-Linie | RCK1153XINQNL01 | | Xingang | NOLA | Liayang Carbon Co. Ltd | Graphite Electrodes Sales, Inc. | Graphite Electrodes | $52,649.02 |
| | | Rickmers-Linie | RCK1153XINQNL11 | | Xingang | NOLA | Shanghai Jin Neng Int'l | Graphite Electrodes Sales, Inc. | Graphite Electrodes | $41,840.89 |
| | | Rickmers-Linie | RCK1153XINQNL12 | | Xingang | NOLA | Nanchong River-East Carbon | Graphite Electrodes Sales, Inc. | Iron Frames graphite blocks | $89,528.14 |
| | | Rickmers-Linie | RCK1153XINQNL02 | | Xingang | NOLA | Nanjing Liaolong Trading | Graphite Electrodes Sales, Inc. | Graphite Electrodes | $102,373.88 |
| | | Rickmers-Linie | RCK1153XINQNL10 | | Xingang | NOLA | Nanjing River-East Carbon | Graphite Electrodes Sales, Inc. | Graphite Electrodes | $93,372.70 |
| | | Rickmers-Linie | RCK1153XINQNL10 | | Xingang | NOLA | Jilin Carbon Import | Graphite Electrodes Sales, Inc. | Graphite Electrodes | $29,162.18 |
| 28921-5E | | Rickmers-Linie | RCK1153SHAHQU04 | | Map Ta Phut | Houston | Visavakit Patana Corp | The Babcock & Wilcox Company | Windboxes | $295,659.88 |
| | | Rickmers-Linie | RCK1153SHAHQU01 | | Shanghai | Houston | Xinhua Metal products | Wesrco Systems, Inc | PC Strand | $162,794.70 |
| 28921-5F | | Rickmers-Linie | RCK1153HAMQB01 | | Shanghai | Mobile | Toray Int'l Inc. | Toray Engineering Co. Ltd. | Furnace | $2,180,534.11 |
| 28921-5G | | Rickmers-Linie | RCK1153HANQL06 | | Shanghai | NOLA | | The Crispin Company | Coil wire strand | $249,348.78 |

**RICKMERS GENOA**
**HILL RIVKINS**
**CARGO INTERESTS-SKED A**

| Group | Carrier | Booking # | Container # | Origin | Destination | Shipper | Consignee | Commodity | Value |
|---|---|---|---|---|---|---|---|---|---|
| 28921-5H | Rickmers-Line | RCK11S3XHACAM71 | HALU2500074 | Shanghai | Camden | Active Int'l Worldwide | Itochu Building Products Co. Inc | Steel nails | $19,903.48 |
| | Rickmers-Line | RCK11S3XINNOLA43 | ACCU2016570 | Xingang | NOLA | Shanxi Yuci Broad Wire | Itochu Building Products Co. Inc | Steel nails | $28,832.07 |
| | | | ACCU2016518 | | | | | | |
| | Rickmers-Line | | ACCU2016390 | Xingang | NOLA | Shanxi Yuci Broad Wire | Itochu Building Products Co. Inc | Tie Wire | $27,477.37 |
| 28921-5I | Rickmers-Line | RCK11S5SHANOLA04 | ACCU12083 | Xingang | NOLA | Certified Products Inc. | Itochu Building Products Co. Inc | Steel nails | $16,469.61 |
| | Rickmers-Line | RCK11S5SHANOL05 | ACCU2016544 | Xingang | NOLA | Beijing Danuding Nail Co | Itochu Building Products Co. Inc | Steel nails | $12,171.23 |
| | Rickmers-Line | RCK11S5SHACAM02 | ACCU2016556 | Xingang | NOLA | Beijing Danuding Nail Co | Itochu Building Products Co. Inc | Steel nails | $12,462.73 |
| | Rickmers-Line | RCK11S3XINNOL01 | | Shanghai | Camden | Zhonglin Southstar | Bluelinx Corp. | Birch Plywood | $79,227.96 |
| | Rickmers-Line | RCK11S5SHANOL01 | | Shanghai | NOLA | Fortune Electric Co., Ltd. | General Electric Company | transformers | $108,800.00 |
| | Rickmers-Line | RCK11S5SHANOL41 | | Shanghai | NOLA | China Jiangsu Int'l | Wintersun Chemical | ammonium chloride | $14,633.36 |
| | | | TEXU2317729 | Xingang | Houston | Shanxi Pioneer Hardware | Itochu Building Products Co. Inc | Steel nails | $30,973.43 |
| | | | TEXU2385025 | | | | | | |
| | Rickmers-Line | HLCU2482986 | | | Houston | Tianjin Handa Group | Itochu Building Products Co. Inc | Tie Wire | $11,247.52 |
| 28921-6 | Rickmers-Line | RCK11S5SHAHOU01 | | Shanghai | Houston | Zhonglin Southstar | Bluelinx Corp. | Plywood | |
| | Rickmers-Line | RCK11S5SHAHOU03 | | Shanghai | Houston | Zhonglin Southstar | Bluelinx Corp. | Plywood | $114,290.75 |
| 28921-7A | Rickmers-Line | RCK11S3XINHOU03 | | Xingang | Houston | Tianjin Zhaoshun Metal | Kurt Orban Partners LLC | Galvanized Steel Wire | |
| | Rickmers-Line | RCK11S3XINHOU04 | | Xingang | Houston | Tianjin Zhaoshun Metal | Kurt Orban Partners LLC | Galvanized Steel Wire | $290,000.00 |
| 28921-7B | Pudong Trans USA | RCK11S3XINCAM45 | CPU8046340 | Xingang | Camden | Xi'an Great Enterprise | BTSC Group, Inc. | Nails | $12,191.04 |
| | Pudong Trans USA | RCK11S3XINHOU46 | CPU8050192 | Xingang | Houston | Xi'an Great Enterprise | BTSC Group, Inc. | Wire | $12,498.72 |
| | | | CPU8049611 | Xingang | Houston | Xi'an Great Enterprise | BTSC Group, Inc. | Wire | $12,999.84 |
| | | | TEXU2089117 | Xingang | Houston | Xi'an Great Enterprise | BTSC Group, Inc. | Wire | $14,000.60 |
| | Pudong Trans USA | TEXU2123703 | | Xingang | Houston | Xi'an Great Enterprise | BTSC Group, Inc. | Wire | $11,888.80 |
| | Pudong Trans USA | RCK11S3XINHOU45 | CPU8049606 | Xingang | Houston | Xi'an Great Enterprise | BTSC Group, Inc. | Nails | $12,179.52 |
| | Pudong Trans USA | RCK11S3XINHOU45 | ACCU2016652 | Xingang | NOLA | Xi'an Great Enterprise | BTSC Group, Inc. | Nails | $24,347.52 |
| | | | ACCU2016349 | Xingang | NOLA | Xi'an Great Enterprise | BTSC Group, Inc. | Nails | |
| 28921-8 | Rickmers Line | RCK11S5SHAHOU15 | | Shanghai | Houston | Wuxi Huaguang Boiler Co | Foster Wheeler | Tubular Preheater | $270,886.00 |
| | Rickmers Line | RCK11S3XINHOU93 | PRSU2123045 | Xingang | Houston | Wego Chemical & Mineral | To Order/Wego | Isocyanuric Acid | $38,400.00 |
| | | | PRSU2152043 | Xingang | Houston | Wego Chemical & Mineral | To Order/Wego | | |
| | | | PRSU2161600 | Xingang | Houston | Wego Chemical & Mineral | To Order/Wego | | |
| | Rickmers Line | SINMAS001 | | Singapore | Korea | Suewon Poongryuk Machinery | | Steel Plate | $42,965.00 |
| | | | | | | | | | $10,522,379.65 |

*Thomas E. Willoughby (TW 4452)*
*James A. Saville, Jr. (JS-4835)*
HILL RIVKINS & HAYDEN LLP
*Attorneys for Plaintiffs*

45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*
------------------------------------------------------------------------X

CHEM ONE LTD., COMMERICAL METALS
COMPANY;  A.H.A. INTERNATIONAL CO.,
LTD., IKE TRADING CO., LTD., HUNTER
DOUGLAS METALS, INC., NATIONAL OILWELL
L.P., TEXAS WYOMING DRILLING, INC., GRAPHITE
ELECTRODES SALES COMPANY, INC., THE BABCOK &
WILCOX COMPANY, WESTCO SYSTEMS, INC.,
TORAY ENGINEERING CO., LTD., THE CRISPIN
COMPANY, ITOCHU BUILDING PRODUCTS CO., INC.,
KURT ORBAN PARTNERS LLC, BSTC GROUP INC.;
FOSTER WHEELER NORTH AMERICA CORP.; WEGO
CHEMICAL & MINERAL CORP.; SUEWON POONGRYUK
MACHINERY CO., LTD.; GENERAL ELECTRIC COMPANY and
WINTERSUN GROUP(USA) INC.

Index No.:
**05 CIV. 4261 (LAP)**

Plaintiffs,

- against -

**AFFIDAVIT OF**
**SERVICE BY MAIL**

M/V "RICKMERS GENOA" and M/V "SUN CROSS;"
their engines, boilers, etc., in <u>rem;</u> RICKMERS GENOA
SCHIFFAHRTSGES mbH & Cie. KG; RICKMERS-
LINIE GmbH & Cie. KG; UNITED SHIPPING
SERVICES, INC.; SESCO GROUP INC.; CS MARINE
CO. LTD.; SUNWOO MERCHANT MARINE CO., LTD.;
JA SUNG MARINE CO., LTD.; ESM GROUP, INC.;
PUDONG TRANS USA INC.; ESM (TIANJIN)
CO., LTD., ESM II, INC. and ESM II LP in <u>personam,</u>

Defendants.
------------------------------------------------------------------------X

**STATE OF NEW YORK**

SS.:

**COUNTY OF NEW YORK**

The undersigned, being duly sworn, says:  I am not a party to the action, am over 18 years of age and reside in the State of New York.

On September 1, 2006, I served a true copy of the annexed Sixth Supplemental Summons,  Sixth Amended Complaint and Sixth Amended Rule 7.1 Statement.

☐   Service        by depositing a true copy thereof enclosed in a post-paid wrapper in an
      By Mail                official depository under the exclusive care and custody of the U.S.
Postal

Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Fowler Rodriguez & Chalos LLP
366 Main Street
Port Washington, NY 11050
Attention:  Eugene J. O'Connor, Esq./Timothy Semenoro, Esq.

Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
61 Broadway, Suite 3000
New York, NY 10006
Attention: Patrick M. DeCharles, Esq.

Freehill Hogan & Mahar
80 Pine Street
New York, NY 10005
Attention: James L. Ross, Esq .

Burke & Parsons
100 Park Avenue
New York, NY  10017-5537
Attention:  Raymond J. Burke, Jr., Esq.  /
                    Christopher H. Dillon, Esq.

Badiak Will & Ruddy, LLP
120 Broadway – Suite 1040
New York, NY  10271
Attention:  Roman Badiak, Esq.

Nicoletti Hornig Campise & Sweeney
Wall Street Plaza
88 Pine Street
New York, NY  10005
Attention:  Lawrence C. Glynn,  Esq.

Graham Miller Neandross Mullin &
   Roonan
32 Broadway – Suite 1800
New York, NY  10004
Attention:  Jeffrey L. Neandross, Esq.

Maryann Castaldo

Sworn to before me this 1st
day of September 2006.

Notary Public

ROBERT BLUM
Notary Public, State Of New York
No.01BL4914091
Qualified In Kings County
Certificate Filed In New York County
Commission Expires December 7, 2009