```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/8/11_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
In re M/V RICKMERS GENOA         :
LITIGATION                       :
------------------------------X
THIS DOCUMENT RELATES TO:        :
ALL ACTIONS                      :
------------------------------X

                    05 Civ. 4261 (LAP)
                    05 Civ. 6226 (LAP)
                    05 Civ. 8841 (LAP)
                    05 Civ. 9472 (LAP)

                         Order

LORETTA A. PRESKA, Chief United States District Judge:

        Following the issuance of the Court's May 26, 2011,

Amended Memorandum and Order, In re M/V Rickmers Genoa

Litigation (Rickmers II), No. 05 Civ. 4261, 2011 WL 2118743

(S.D.N.Y.), the Rickmers interests have moved for

reconsideration, saying that the Court misinterpreted the bill

of lading against the intent of the drafters.  In the

alternative, the Rickmers interests seek certification of an

interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

        To succeed on a motion for reconsideration, "the party

seeking reconsideration must present controlling decisions or

facts that the court originally overlooked."  In re M/V Rickmers

Genoa Litig. (Rickmers I), 643 F. Supp. 2d 553, 555 (S.D.N.Y.

2009).  However, "[a] party may not relitigate an already

decided issue on a motion for reconsideration," id., because a

mere disagreement with the Court's legal determination is not a

valid basis for reconsideration.  United States v. Kerik, 615 F.

Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009).  Instead, any overlooked

matters must be ones "that might reasonably be expected to alter

the conclusion reached by the court." Shrader v. CSX Transp.,
Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The Rickmers interests point to no overlooked material
that would alter the Court's conclusion. Instead, they rehash
the arguments made in the summary judgment papers. The Rickmers
interests may not employ a motion for reconsideration to
"relitigate the issue." EEOC v. Bloomberg L.P., 751 F. Supp. 2d
628, 651 (S.D.N.Y. 2010). The motion for reconsideration is
thus denied.

As to the Rickmers interests' request for
certification of an interlocutory appeal under 28 U.S.C.
§ 1292(b), the Court is not persuaded. That section provides
for the appeal of an interlocutory order when the Court is "of
the opinion that such order involves a controlling question of
law as to which there is substantial ground for difference of
opinion and that an immediate appeal from the order may
materially advance the ultimate termination of the litigation."
28 U.S.C. § 1292(b). The Rickmers interests cite no authority
in requesting interlocutory appeal.

The controlling question of law in this case is the
interpretation of Clause 7(2) in the bill of lading. "While the
meaning of a contract generally is considered to be a question
of law for the court, a question of contract interpretation
typically is not a 'controlling question of law' that serves as

2

a basis for interlocutory appeal." Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) (citing Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 94 (S.D.N.Y. 2002) ("Differences over contract construction are not the sort of 'controlling question of law' that normally gives rise to interlocutory certification."); Ahrenholz v. Board of Trs. of the Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000) (Posner, J.) (stating that "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind")). The question presented here is a pure question of contract interpretation and is therefore not the sort of question that is certifiable for interlocutory appeal. "[O]nly 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (second alteration in original)). This is not a case of exceptional circumstances because the legal question is a basic contract question, the litigation has been protracted, and a definitive ruling on the limitation of liability issue will

3

incentivize settlement – but will not result in a final judgment or dismissal of the action.  See Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.").

Moreover, there is no substantial ground for a difference of opinion in this case because the parties have cited no controlling authority on either side of the relevant question.  "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."  In re Flor, 79 F.3d 281, 284 (2d Cir. 1996).

Therefore, for all of these reasons, the Court will not certify an interlocutory appeal under 28 U.S.C. § 1292(b).

The motion [dkt. no. 218] is DENIED.

SO ORDERED.

Dated:    New York, New York
          July 8, 2011


                                    LORETTA A. PRESKA
                                    Chief U.S. District Judge